DAWKINS, J.
Plaintiffs allege that they are the owners of the following described lands:
(A) The S. W. Vi of S. W. %, the N. % of S. W. % and N. W.. Y, of section 1 the N. E. % of N. W. Yi and N. E. % of section 11, township 18 north, range 11 west, the N. Yi of N. y2 of section 3, township 19-north, range 11 west, and all- of section 25, and all of section 35, township 20 north, range 11 west.
(B) The S. % of N. W.' % of section 11, township 18 north, range 11 west.
*1071 That petitioners had acquired said property September 17, 1910, by deed duly recorded and that their chain of title also appeared unbroken and of record back to and including certain acts of sale by the Vicksburg, Shreveport & Pacific Railroad Company to Allen Bros. & "Wadly, dated and recorded in 1891 and 1892; that in said last-mentioned transfers there appeared the following reservation :
“It is distinctly agreed, as part and parcel of the terms of said sale of the lands "above described, that the Vicksburg, Shreveport & Pacific Railroad Company reserves to itself, either for its own benefit or for sale to others, the exclusive right to the iron, coal and other minerals-contained in or upon said lands with all. necessary privileges of mining on. the said land, and also the right of way for rail and tramways for mining purposes, through any portion of said lands herein conveyed.
That subsequently all property and rights of the said V. S. & P." Railroad Company were conveyed at master’s sale to the Vicksburg, Shreveport & Pacific Railway Company, and the latter, in turn, transferred the same to the defendant, Railroad Lands Company, Limited, and that, by virtue of said reservation, the defendant is claiming to own the minerals, including oil and gas, lying in and under said property. Petitioners further allege that said reservation did not include, oil and gas, but only solid minerals; but in the alternative, if oil and gas were held tf> have been included, the said reservation, as to these, amounted to nothing more than a servitude, which had been lost by nonuser for 10 years, which prescription plaintiffs specially pleaded.
Petitioners also pleaded the prescription of 10 years liberandi causa, as against any claim to solid minerals in place.
The prayer was that the said reservation should be held not to include oil and gas, but, if so, that the right thereto together with all claims to the solid minerals be decreed to have been lost by prescription of 10 years, and that the said reservation be canceled and erased from the records of Bossier parish, where the said lands are situated.
Defendant pleaded, in effect, a general denial, and asked that plaintiffs’ demands be rejected.
There was judgment decreeing that said reservation did not include oil and gas; that all other rights thereunder had prescribed, and that the same be canceled and erased from the records of Bossier parish.
Defendant has appealed.
Opinion.
All the issues involved in this case are covered and disposed of in the case of the same plaintiffs against the Railroad Lands Co. et al. (No. 25762) 97 South. 40,[1] this day decided; and, for the reasons therein given, the judgment of the lower court is affirmed with costs.

2 Ante, p. 1059.